# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1327V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
SILVIA AGUAYO,                      *        Chief Special Master Corcoran
                                    *
                 Petitioner,        *        Filed:  June 24, 2026
                                    *
         v.                         *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                 Respondent.        *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 16, 2023, Silvia Aguayo filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza vaccine administered on September 29, 2022. Pet. at 1. An expedited hearing in the matter was held in Washington, D.C. on March 27, 2026, at which time I orally ruled on Petitioner's entitlement to compensation as well as issued a damages determination. A decision memorializing those findings was issued on April 20, 2026. ECF No. 40.

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id."*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 1, 2026 (ECF No. 45) ("Mot."). This is Petitioner's sole such request. Petitioner requests $40,431.63 in attorney's fees and costs ($39,866.60 in fees, plus $565.03 in costs) for the work of the attorneys and staff at Muller Brazil, LLP. Mot. at 2. Respondent reacted to the fees request on June 12, 2026. *See* Response, dated June 12, 2026 (ECF No. 46) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$40,431,63**.

## I.    Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

2

|  | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|
| **Leigh Finfer (Attorney)** | $275.00 | $300.00 | $300.00 | $355.00 |
| **Max Muller (Attorney)** | $425.00 | -- | -- | -- |
| **Marcela Senerth (Paralegal)** | $160.00 | $160.00 | -- | -- |
| **Stacey Bowman (Paralegal)** | $140.00 | -- | -- | -- |
| **Stacie Bole (Paralegal)** | $140.00 | -- | -- | -- |
| **Ginny Schaffer (Paralegal)** | $140.00 | -- | -- | -- |
| **Tereza Pavlacsek (Paralegal)** | $177.00 | $177.00 | $180.00 | $190.00 |
| **Erik Pavlacsek (Paralegal)** | $140.00 | $155.00 | $170.00 | $180.00 |
| **Katy Yoos (RN/Paralegal)** | -- | -- | -- | $190.00 |

Mot. at 6–20.

The attorneys in question (primarily Ms. Finfer) practice in Dresher, PA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Colagreco v. Sec'y of Health & Hum. Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). The rates requests are also consisted with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *See Hirst v. Sec'y of Health & Hum. Servs.*, No. 21-1176V, slip. op. at 2 (Fed. Cl. Spec. Mstr. June 12, 2026). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the rates provided.

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $565.03 in outstanding costs, including the filing fee and medical record retrieval costs. Mot. at 23–29. Such costs are typical in Program cases and were reasonably

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 24, 2026).

incurred in this matter. Thus, I do not find any reason to make any reductions.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs. I award a total of **$40,431.63**, reflecting $39,866.60 in fees and $565.03 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

4